UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BYNUM,

        Plaintiff,

v.

CITY OF TAYLOR, a Michigan municipality, and CHRISTOPHER CATES, in his individual capacity,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

    Plaintiff Gregory Bynum, by and through his attorneys, the Law Offices of Joel B. Sklar, files this action and says:

### JURISDICTIONAL ALLEGATIONS

    1.    On March 1, 2019, Plaintiff Gregory Bynum, a citizen reporter for the *Detroit Hood News,* was standing on the public sidewalk recording and reporting via livestream the emergency response to a single car accident on Telegraph Road in the

City of Taylor. At all relevant times, Plaintiff was approximately 20-30 feet away from the disabled vehicle with other onlookers, all of whom were White. Defendant City of Taylor Police officer Christopher Cates ordered Plaintiff to stop recording and reporting which Plaintiff refused to do because it was his clearly established *First Amendment* right to record the police from a public space. Defendant Cates then arrested Plaintiff for "Interference With Police Authority" despite the fact Plaintiff had committed no offense or crime of any kind. On August 30, 2021, the City of Taylor Prosecutor filed a "Motion/Order of Noelle Prosequi" and, on September 2, 2021, the state district court dismissed all criminal charges against Plaintiff.

2. Plaintiff Gregory Bynum is a resident of, and/or transacts business in, Wayne County, Michigan which is located in this Judicial District.

3. Defendant City of Taylor is a Michigan municipal cooperation which operates the City of Taylor Police Department and transacts business in Wayne County, Michigan which is located in this Judicial District.

4. Defendant Christopher Cates is a member of the City of Taylor Police Department and resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

5. At all relevant times, Defendant Cates was acting under color of law and is being sued in his individual capacity.

6. Defendant Cates is not entitled to qualified or any other immunity because he knowingly and intentionally violated Plaintiff's clearly established *First, Fourth* and *Fourteenth Amendment* constitutional rights to which any reasonable officer would have known.

7. Venue is appropriate in this Court as all the transactions, events and occurrences which give rise to this action all took place in Wayne County, Michigan which is in this Judicial District.

8. This Court has jurisdiction over this matter pursuant to *28 USC § 1331* and *42 USC § 1983*. This Court also has pendent supplemental jurisdiction over Plaintiff's state claim pursuant to *28 USC § 1337*.

## COMMON ALLEGATIONS

9. Plaintiff realleges paragraphs 1 through 8 word-for-word.

10. Plaintiff Gregory Bynum is a Black reporter for the *Detroit Hood News*.

11. On March 1, 2019, Plaintiff was driving in the City of Taylor when he saw a single car accident with no apparent injuries.

12. Mr. Bynum parked and exited his vehicle to livestream and narrate the scene on his cell phone for the *Detroit Hood News* Facebook page.

13. Other passersby, all White, also went to the scene of the single car accident.

14. Mr. Bynum was wearing a cap bearing the name *Hood News*.

15. Defendant Cates and other City of Taylor police officers arrived at the scene.

16. A passerby recognized Plaintiff and yelled out "Hey Hood News."

17. Plaintiff acknowledged the passerby when Defendant Cates told him to "Knock it off man."

18. Plaintiff informed Defendant Cates that "I'm Hood News sir" to which Defendant Cates replied: "I don't care."

19. White civilians and first responders gathered at the disabled vehicle.

20. Plaintiff kept his distance on the public sidewalk, approximately 20-30 feet from the disabled vehicle and continued to record and report.

21. Without justification or excuse, Defendant Cates ordered Plaintiff to put away his cell phone or face arrest.

22. Plaintiff refused the unlawful order and continued to report on the police response, including Defendant Cates's threat to arrest him.

23. Defendant Cates again, without justification or excuse, approached Plaintiff and ordered him to leave the scene or face arrest.

24. Plaintiff was already a good distance away from the scene but told Cates "I'll step away" and continued to record and report.

25. As Plaintiff began to walk to his vehicle, Cates forcibly grabbed and arrested him for "Interference With Police Authority."

26. Plaintiff was handcuffed, transported to the City of Taylor lock-up and processed.

27. Plaintiff was charged with the misdemeanor of "Obstruction." (Misdemeanor Citation, Ex. A)

28. On May 28, 2021, Plaintiff filed a motion to dismiss based on the lack of probable cause and selective enforcement.

29. On August 30, 2021, the City of Taylor Prosecutor filed a Motion/Order of Nolle Prosequi.

30. On September 2, 2021, all criminal charges against Plaintiff were dismissed. (Order of Dismissal, Ex. B)

## COUNT I

### *FIRST AMENDMENT* RETALIATION

31. Plaintiff realleges paragraphs 1 through 30 word-for-word.

32. The *First Amendment* to the U.S. Constitution guarantees freedom of the press and freedom of speech.

33. Plaintiff engaged in protected activity under the *First Amendment* when he reported and recorded the City of Taylor police response to an accident scene and Defendant Cates' intimidation and threats toward Plaintiff because of his protected speech.

5

34. The operation of police, law enforcement's treatment of reporters, law enforcement's interactions with persons of color, and law enforcement's efforts to silence citizens and the press is matter at the zenith of public concern.

35. Plaintiff recorded and reported the scene from a public sidewalk about 20-30 feet away from the disabled vehicle, officers and first responders and in no way interfered or obstructed with anyone.

36. Defendant Cates' unlawful orders that Plaintiff cease recording and reporting police operations under threat of arrest, unlawfully arresting and charging Plaintiff with a crime because of his continued recording and reporting would deter a person from ordinary firmness from engaging in free speech.

37. Qualified immunity does not apply because any reasonable state actor would know that retaliating against Plaintiff because of his protected activity was a violation of his clearly established *First Amendment* rights.

38. As a direct and proximate result of Defendant Cates' wrongful acts and omissions, Plaintiff suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant Cates for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees, together with punitive, exemplary and other damages provided by statute, law, and good conscience.

## COUNT II

### *FOURTH AMENDMENT* UNLAWFUL SEIZURE AND MALICIOUS PROSECUTION

39. Plaintiff realleges paragraphs 1 through 38 word-for-word.

40. The Fourth *Amendment* to the U.S. Constitution prohibits unreasonable search and seizures including an arrest and prosecution of a crime without probable cause.

41. Defendant Cates arrested and handcuffed Plaintiff without any probable cause.

42. Defendant Cates issued Plaintiff a misdemeanor citation without probable cause, which charge was later dismissed.

43. At no time was Plaintiff engaged in any unlawful activity.

44. The actions by Defendant Cates were intentional and deliberate.

45. Qualified immunity does not apply because any reasonable state actor would know that arresting and charging Plaintiff without probable cause was a violation of his clearly established *Fourth Amendment* rights.

46. As a direct and proximate result of Defendant Cates's wrongful acts and omissions, Plaintiff suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant Cates for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees, together with punitive, exemplary and other damages provided by statute, law, and good conscience.

## COUNT III

### *FOURTEENTH AMENDMENT* EQUAL PROTECTION VIOLATION

47. Plaintiff realleges paragraphs 1 through 46 word-for-word.

48. The Fourteenth *Amendment's Equal Protection Clause* provides that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws."

49. Plaintiff was the only Black person among the similarly-situated White onlookers to the disabled vehicle and officer response.

50. Plaintiff was the only person threatened with arrest, arrested and charged with a crime.

8

51.  Defendant Cates was predisposed to treat Black people differently from White people and/or were trained, instructed and expected to do so, and did so with Plaintiff.

52.  Plaintiff's race was one of the motivating factors for Defendant Cates' arrest and charge of Plaintiff despite the fact Plaintiff had committed no crime at any time.

53.  Any reasonable officer would know that treating Plaintiff differently from similarly situated White persons based on race was a violation of Plaintiff's clearly established *Fourteenth Amendment* rights.

54.  As a direct and proximate result of Defendant Cates's wrongful acts and omissions, Plaintiff suffered economic loss, lost wages, and non-economic injuries, including but not limited to, mental anguish, physical and emotional distress, humiliation, mortification, outrage, embarrassment, anxiety, depression, degradation, fear, loss of the enjoyments of life, loss of earnings, and other damages which will continue throughout and beyond this litigation.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant Cates for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees, together with punitive, exemplary and other damages provided by statute, law, and good conscience.

## COUNT IV

## *MONELL* CLAIM AGAINST THE CITY OF TAYLOR

55.  Plaintiff reasserts paragraphs 1 through 54 as though fully set forth herein, word for word, paragraph for paragraph.

56.  Defendant City of Taylor acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies and/or practices that resulted in the violations of Plaintiff's federally protected civil rights.

57.  These customs, policies and/or practices included but were not limited to failing to supervise officers to prevent the violation of a citizen's constitutional rights; failing to properly or adequately train and/or supervisor officers to conform their conduct within the parameters of the constitution; failing to supervise, review and/or discipline officers who the City knows or should have known were violating or prone to violating citizen's constitutional rights.

58.  The City of Taylor is responsible for the Defendant Cates' unlawful conduct, and the injuries identified above.

**ACCORDINGLY**, Plaintiff asks this Court to enter judgment against Defendant City of Taylor for damages in whatever amount to which Plaintiff is entitled, plus costs, interest and statutory attorney fees, together with punitive, exemplary and other damages provided by statute, law, and good conscience.

                                             Respectfully submitted,

                                             s/ Joel B. Sklar
                                             Joel B. Sklar (P38338)
                                             500 Griswold, Suite 2450
                                             Detroit, MI 48226
                                             313-963-4529
                                             Attorney for Plaintiff
Date:  September 30, 2021          Joel@joelbsklarlaw.com

## **JURY DEMAND**

Plaintiff Gregory Bynum demands a jury trial of this cause of action.

                                             Respectfully submitted,

                                             s/ Joel B. Sklar
                                             Joel B. Sklar (P38338)
                                             500 Griswold, Suite 2450
                                             Detroit, MI 48226
                                             313-963-4529
                                             Attorney for Plaintiff
Date:  September 30, 2021          Joel@joelbsklarlaw.com