UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BYNUM,

    Plaintiff,

v.

CITY OF TAYLOR, a Michigan Municipality, and CHRISTOPHER CATES, in his individual capacity,

    Defendants.

Case No. 21-cv-12302
Hon. Robert H. Cleland

_____/

| JOEL B. SKLAR (P38338) | JOHN C. CLARK (P51356) |
|---|---|
| *Attorney for Plaintiff* | GEOFFREY S. WAGNER (P70839) |
| LAW OFFICES OF JOEL B. SKLAR | *Attorneys for Defendant* |
| 500 Griswold, Suite 2450 | GIARMARCO, MULLINS & HORTON, P.C. |
| Detroit, MI 48226 | 101 W. Big Beaver Road, 10th Floor |
| 313-963-4529 / 313-963-9310 (fax) | Troy, MI 48084 |
| joel@joelbsklarlaw.com | (248) 457-7000; Fax: (248) 457-7001 |
| | jclark@gmhlaw.com |
| | gwagner@gmhlaw.com |

_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff, GREGORY BYNUM, and Defendants, CITY OF TAYLOR and CHRISTOPHER CATES, by and through their respective counsel, stipulate and agree to the following:

1. The Parties acknowledge and agree that some of the documents to be produced by Defendants may contain sensitive and confidential

information. The Parties therefore stipulate and agree to entry of this Stipulated Confidentiality and Protective Order, which shall hereafter govern use, dissemination and disclosure of documents produced or other evidence obtained during discovery in this litigation. The provisions of this Stipulated Confidentiality and Protective order shall apply to: (i) the Parties and their counsel in this litigation, and (ii) any other person producing, receiving, or disclosing Confidential Information in this action who agrees to be bound by the terms of this Stipulated Confidentiality and Protective Order. "Parties" include Plaintiffs and their attorney, Joel Sklar, Esq., and Defendants and their attorneys, Giarmarco, Mullins & Horton, P.C.  IT IS ORDERED that all discovery material relating to (1) Defendants' personnel files, (2) City of Taylor Police Department internal policies/procedures, and (3) City of Taylor Police Department training manuals shall be designated as "Confidential." Additional Discovery Material may be designated as "Confidential" upon the mutual agreement of the parties or upon a ruling by the Court in response to a motion for a protective order.

2. Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Stipulation and Protective Order ("Order").

3. Documents may be designated Confidential by stamping each page of the document with the legend "Confidential." Deposition testimony may be designated Confidential by so indicating orally on the record during the deposition, or by subsequent designation in writing. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the legend "Confidential."

4. Before a Party may disclose Confidential Information produced by the other Parties to an expert or other witness, such expert or other witness shall be required to read and agree to the terms of this Stipulated Confidentiality and Protective Order in its entirety.

5. Except as provided in paragraph 8 below, Confidential Material shall not be disclosed without prior written consent of the designating party.

6. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

   a. The Court (including any appellate court) and Court personnel;

   b. Court reporters in connection with the taking of a deposition or the transcription of court proceedings;

   c. Attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) who are directly involved in the Litigation and such attorneys' employees who are directly involved in the Litigation;

    d. Parties to the Litigation, including management personnel of Defendants;

    e. The creator/author and addressees of such Confidential Material and persons who received a copy thereof independent of its production in the Litigation;

    f. Anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

    g. Experts, advisors, consultants, case evaluators, facilitators, mediators, and other persons engaged to assist directly in the Litigation.

7. <u>Filing Documents Under Seal.</u>  This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited

purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

8. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. Nothing in this Stipulated Confidentiality and Protective Order shall require disclosure of material that counsel for a Party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

9. The provisions of this Stipulated Confidentiality and Protective Order shall continue in effect with respect to any Confidential Information unless expressly released by the Party producing such records, and such effectiveness shall survive the entry of a final judgment herein. All Confidential Information and any copies or reproductions thereof, shall be returned and surrendered to counsel for the producing Party upon the Conclusion of this action. Alternatively, upon conclusion of this action, counsel for the non-producing Party may destroy the Confidential

Information and any copies, or reproductions thereof and provide a written statement to opposing counsel affirming that the Confidential Information and all copies have been destroyed. Counsel for the non-producing Party shall also collect any documents or materials that reference, summarize, or otherwise refer to the Confidential Information ("Work Product"). Work product may be retained by the non-producing Party's counsel only, and it shall remain subject to the provisions of this Stipulated Confidentiality and Protective Order except upon written agreement of the producing Party. Conclusion shall be taken and construed as the date fifteen (15) days following entry of a final, non-appealable order disposing of this action.

10. Counsel shall make all reasonable efforts to retrieve any Confidential Information or Work Product from any Party or other person to whom such Confidential Information has been given and shall notify counsel for the producing Party of the failure to retrieve any such Confidential Information or Work Product. Such notification shall include a detailed description of any Confidential Information or Work Product not returned, and the reason why such Confidential Information or Work Product is unavailable.

11. Nothing in this Stipulated Confidentiality and Protective Order shall be construed to preclude, foreclose or limit the right of any Party to this

litigation to use or disclose its own Confidential Information in its ordinary business practices.

12. Notwithstanding any of the foregoing provisions, this Stipulated Confidentiality and Protective Order has no effect upon, and its scope shall not extend to, any disclosure that is required by law, rule or order, issued or promulgated by the court. In the event disclosure of Confidential Information is required of the receiving Party under provisions of any law or order, the receiving Party will use all reasonable efforts to notify the producing Party of the obligation to make such disclosure sufficiently in advance of the disclosure so that the producing Party will have a reasonable opportunity to object. In the event of required disclosure, the receiving Party shall disclose only the particular Confidential Information required to be disclosed.

13. This Stipulated Confidentiality and Protective Order may be amended without leave of Court by the agreement of the Parties in the form of a stipulation filed with the Court in this case.

14. By agreeing to this protective order, Plaintiff's counsel does not waive the right to contest whether specific information provided is or should be considered confidential.

15. Any party wishing to challenge confidentiality must first confer with opposing counsel and attempt to seek concurrence. If concurrence is

withheld, then the matter may be presented to the court for a ruling. The parties shall maintain confidentiality while presenting the court with the information necessary for the court to rule.

IT IS SO ORDERED.

THIS IS NOT A FINAL ORDER AND DOES NOT RESOLVE THE LAST PENDING CLAIM IN THIS CASE.

                                        s/Robert H. Cleland
                                     Honorable Robert H. Cleland

Dated: March 10, 2022

Approved for entry by:

/s/ *Joel B. Sklar (w/permission)*
JOEL B. SKLAR (P38338)
Attorney for Plaintiff
LAW OFFICES OF JOEL B. SKLAR
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

 /s/ *Geoffrey S. Wagner*
JOHN C. CLARK (P51356)
GEOFFREY S. WAGNER (P70839)
Attorneys for Defendant
GIARMARCO, MULLINS & HORTON, P.C.
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084
(248) 457-7000; Fax: (248) 457-7001
jclark@gmhlaw.com
gwagner@gmhlaw.com